**WO** MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre Durham Bell, | No.   CV-25-02498-PHX-MTL (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Warden Jason Gunther, | |
| Respondent. | |

Self-represented Petitioner Andre Durham Bell, who is confined in the Federal Correctional Institution-Phoenix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). After the Court gave Petitioner an opportunity to either pay the filing fee for this action or file an Application to Proceed In Forma Pauperis, Petitioner paid the filing fee. The Court will dismiss the Petition and this action.

**I.    Petition**

In his Petition, Petitioner names Warden Jason Gunther as Respondent. Petitioner raises one ground for relief, claiming the Federal Bureau of Prisons (BOP) is not allowing inmates who have a high or medium recidivism risk to "apply" their earned time credits (ETCs) toward their sentence and is "banking" the ETCs until the inmate receives a minimum or low risk score. Petitioner claims this policy "directly conflict[s] with statutory mandates" and "violates the law."

. . . .

. . . .

## II. Discussion

Under 18 U.S.C. § 3624(g)(1)(B), inmates are not eligible for the *application* of ETCs unless they have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." Under 18 U.S.C. § 3624(g)(1)(D), the inmate must have been determined under the BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) to be a minimum or low risk to recidivate "pursuant to the last 2 reassessments of the prisoner" to be placed in prerelease custody or "pursuant to the last reassessment of the prisoner" to be placed on supervised release.

Thus, although an inmate with a medium or higher risk recidivism level can *earn* time credits, under 18 U.S.C. § 3624(g)(1)(D), the BOP cannot *apply* those time credits to his sentence unless and until he has a minimum or low risk recidivism level for (a) two consecutive assessments for prerelease custody or (b) for the last assessment for supervised release. *Purdy v. Carter*, CV-24-00582-BAH, 2024 WL 4651275, at *5 (D. Md. Nov. 1, 2024) (the First Step Act (FSA) "unambiguously mandates that only inmates with low and minimum recidivism scores are eligible to have earned time credits under the FSA applied toward pre-release custody or supervised release"); *see also Brown v. Garrett*, CV-22-00551-AMM-JHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022) ("the FSA expressly provides that . . . the successfully completed programs and [productive activities] are not applied towards the inmate's time credits until she has received a minimum or low risk PATTERN score"), *R. & R. adopted*, 2023 WL 130519 (N.D. Ala. Jan. 9, 2023). To the extent Petitioner "takes issue with the requirement of achieving minimum or low recidivism risk scores prior to having his earned credits applied to his sentence, his challenge is to the *statute*, not the regulation." *Purdy*, 2024 WL 4651275, at *5 (emphasis in original).

"[T]he Attorney General and the Bureau of Prisons are entrusted with sole authority to compute federal sentences" and the FSA "expressly delegates at least some authority to the Attorney General and the Bureau of Prisons to fill up the details of the time credit

system." *Clinkenbeard v. King*, CV-23-03151-JRT-LIB, 2024 WL 4355063, at *4 (D. Minn. Sept. 30, 2024) (citing 18 U.S.C. § 3632(a), (a)(6), and (d)(4)(A)(ii)); *see also Mero v. Yates*, CV-22-00072-DPM-ERE, 2022 WL 17653228, at *5 (E.D. Ark. Sept. 27, 2022) ("the authority to implement the [ETC] program and calculate an inmate's time credits is delegated to the BOP, not federal courts"). "The BOP's use of the PATTERN tool to restrict application of FSA credits to prisoners with minimum or low risk recidivism scores does not amount to an agency's 'interpretation' of a statute." *Purdy*, 2024 WL 4651275, at *5. "Rather, the BOP has done what Congress commanded it to do: create a method by which it can be determined whether a prisoner is likely to recidivate and to withhold FSA credits until that likelihood is diminished to a minimum or low risk." *Id.*

The BOP's policy of not allowing inmates with high or medium recidivism risks to apply their ETCs until an inmate receives a minimum or low risk score does not violate the FSA. Thus, the Court will dismiss the Petition and this action.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this action are **dismissed**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 21st day of October, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 3 -